1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

ANNAMARIE RENTERIA-HINJOSA,

No. 2:23-cv-01673-DJC-DB

12

Plaintiff,

13

v.

ORDER

14

SUNSWEET GROWERS, INC.,

15

Defendant.

16

17      Plaintiff Annamarie Renteria-Hinjosa brought the present action against her

18 former employer, Defendant Sunsweet Growers, Inc., as an "aggrieved employee"

19 under the California Private Attorney General Act ("PAGA"), alleging multiple

20 California Labor Code violations.  (Not. of Removal ("Not.") (ECF No. 1); Compl. (ECF

21 No. 1-1, Ex. A).)  This action was originally filed on June 30, 2023 in the Superior Court

22 of the State of California, Yolo County, but was removed to this Court on August 10,

23 2023.  (Not. at 1.)  Presently before the Court are Plaintiff's Motion to Remand (Mot. to

24 Remand (ECF No. 19)), and Defendant's Motion to Dismiss (Mot. to Dismiss ("MTD")

25 (ECF No. 7)).

26   **I.    Background**

27      Plaintiff was employed by Defendant from February 2018 to May 2023.

28 (Compl. ¶ 6.)  Plaintiff and other employees of Defendant were part of a union, and

1

subject to a collective bargaining agreement between the Union and the Defendant, during the relevant PAGA period beginning on January 11, 2022.  (Decl. of Christina Dake (ECF. No 1-3) at 2–3; (ECF Nos. 1-4, Ex. B and 1-5, Ex. C) ("bargaining agreements"); (Compl. at 7).)  The first agreement governing Plaintiff's employment was effective from January 1, 2017 through December 31, 2019, but was extended until February 28, 2021.  (Decl. of Christina Dake at 3.)  A second agreement was then entered into, effective March 1, 2021 through December 31, 2023.  (*Id.*)  Both bargaining agreements contain terms related to hours of work – including overtime and meal and rest breaks – wage rates and overtime premiums, other benefits, and job assignment.  (*See generally* bargaining agreements.[1])

Plaintiff's PAGA claim is premised on allegations that Defendant engaged in multiple violations of the California Labor Code, including failure to pay minimum wages, failure to pay overtime compensation, failure to provide meal and rest breaks, failure to provide itemized pay statements, failure to reimburse employees for expenses, failure to pay timely wages, failure to provide suitable seating, and failure to pay sick wages in violation of California Labor Code sections 201, 202, 203, 204 *et seq.*, 210, 218, 221, 226(a), 226.7, 227.3, 246, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Sections 11040 and 11070.  (Compl. at 7–8.)  Defendant removed this case to federal court on August 10, 2023 on the basis that Plaintiff's PAGA claim is preempted by the Labor Management Relations Act ("LMRA") because Plaintiff's rights arise out of, or are substantially dependent upon interpretation of, the bargaining agreements.  (*See* Not. at 4–13.)

This case is related to case No. 2:23-cv-01413-DJC-DB, a class action suit ("the class action suit"), brought by the same Plaintiff and against the same Defendant which alleged the same or similar facts and Labor Code violations as the present suit. *See Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-CV-01413-DJC-DB, 2023 WL

---

[1] The relevant terms of both bargaining agreements discussed herein are identical.

6519308, at *1 (E.D. Cal. Oct. 5, 2023).  The predicate claims which underly the PAGA Cause of Action in the present case are the same claims which were asserted by the Plaintiff in the class action suit.  The collective bargaining agreements governing Plaintiff and other employees are the same between the two cases.  The class action suit was filed originally in California Superior Court, and also removed to this Court by Defendant.  The Court remanded the class action suit for lack of subject matter jurisdiction.  *Id.* at *4, *7–*8.

Plaintiff now moves the Court to remand the present suit to the California Superior Court for lack of subject matter jurisdiction (Mot. to Remand), and Defendant has opposed the motion (Opp'n to Mot. to Remand (ECF No. 32)).  Defendant has also moved to dismiss Plaintiff's claims, (MTD), which Plaintiff has opposed, (Opp'n to MTD (ECF No. 18)).  Because the Defendant's Motion to Dismiss recites the same or similar arguments regarding preemption under the LMRA as Defendant's Notice of Removal and Defendant's Opposition to the Motion to Remand, the Court will assess the two motions together.  These matters are hereby submitted upon the record and briefs of the Parties, without oral argument, pursuant to Local Rule 230(g).  The hearing scheduled for November 30, 2023 is vacated.

## II.    Legal Standards

A defendant may remove a state court civil action to federal court so long as that case could originally have been filed in federal court, based on either diversity jurisdiction or federal question jurisdiction.  28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Federal question jurisdiction is met where the action "aris[es] under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

3

Removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010).  The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence, see *id.* at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992), but the district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

A complaint or parts of a complaint may be dismissed for "failure to state a claim upon which relief can be granted,"  Fed. R. Civ. P. 12(b)(6),  if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  When considering a motion to dismiss, the Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

### III.   Discussion

#### A.  LMRA Preemption

Section 301 of the LRMA is a "mandate . . . to fashion a body of federal common law to be used to address disputes arising out of labor contracts" requiring federal courts to exercise jurisdiction over federal labor law claims.  *Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985).  Where a collective bargaining agreement governs the claim against an employer, section 301 of the LRMA preempts the claim and converts it to a

1    federal question over which the federal court has jurisdiction.  *Burnside v. Kiewit Pac.*
2    *Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  In effect, section 301 "displace[s] entirely
3    any state cause of action for violation of contracts between an employer and a labor
4    organization," *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23
5    (1983), such that "any claim purportedly based on . . . state law is considered, from its
6    inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v.*
7    *Williams*, 482 U.S. 386, 393 (1987).  Even where a plaintiff has not alleged a breach of
8    the labor contract by an employer, a claim will be preempted where the right asserted
9    "exists solely as a result of the [collective bargaining agreement]," or, if arising
10   independently of the labor agreement, is "substantially dependent on analysis of a
11   collective-bargaining agreement."  *Burnside*, 491 F.3d at 1059.

12         California's PAGA law allows an aggrieved employee to bring an action as an
13   agent of the state to assert California Labor Code violations against employers.  *Viking*
14   *River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1913–15, *reh'g denied*, 143 S. Ct. 60
15   (2022).  "[T]he statute gives employees a right to assert the State's claims for civil
16   penalties on a representative basis, but it does not create any private rights or private
17   claims for relief." *Id.* at 1915.  Instead, "PAGA claims are derivative of the predicate
18   California Labor Code violations." *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2019 WL
19   6358947, at *4 (N.D. Cal. Nov. 8, 2019).  As such PAGA claims "rise and fall with those
20   underlying claims." *Id.*  The federal court has subject matter jurisdiction over PAGA
21   actions "so long as some claims–either individual or non-individual–are preempted by
22   federal law" under the LMRA.  *Shwiyhat v. Martin Marietta Materials, Inc.*, No. 3:23-CV-
23   00283-JSC, 2023 WL 6626129, at *4 (N.D. Cal. Oct. 10, 2023).  Accordingly, whether
24   the PAGA claim in this action is preempted by the LMRA is dependent on whether a
25   violation of any of the predicate Labor Code sections would be preempted.  *See id.* at
26   *4; *Rodriguez v. USF Reddaway Inc.*, No. 2:22-CV-00210-TLN-DB, 2022 WL 18012518,
27   at *3 (E.D. Cal. Dec. 30, 2022).

28

This Court previously assessed whether the same alleged violations underlying the PAGA claim were preempted in the related class action suit. *Renteria-Hinjosa*, 2023 WL 6519308 at *3–*8. The Court found that the claim based on section 204 was preempted by the LMRA. *Id.* at *4. Because the collective bargaining agreements provided for different pay arrangements, under section 204(c) the bargaining agreement displaced the right provided by section 204. *Id.* As such, the right to timely wages was derived solely from the bargaining agreement, and the claim to timely wages was preempted by the LMRA under the first prong of the *Burnside* test. *Id.*

Because the same bargaining agreement is at issue in this action, the analysis of the PAGA claim predicated on section 204 is the same. *See Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767, at *5 (N.D. Cal. May 27, 2020) (holding that the plaintiff's PAGA claim based on section 204 was preempted by the LMRA where the bargaining agreement met the exemption requirements under 204(c)); *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 748 (S.D. Cal. 2021) (where the court "has original jurisdiction over these predicate claims, it also has original jurisdiction over Plaintiff's PAGA claim."). The PAGA claim for untimely wages based on section 204 is therefore treated as a claim alleging a violation of the bargaining agreement, which is a claim under the LMRA, giving this Court subject matter jurisdiction.

The Court found that the remaining claims were not preempted by LMRA. *Renteria-Hinjosa*, WL 6519308 at *3–*7. Again, because the PAGA claim in this action involves the same bargaining agreement and same predicate Labor Code violations, the analysis here is the same for the claims presented in the class action suit. *See Radcliff*, 519 F. Supp. 3d at 748. Just as this Court there did not find the remaining claims preempted by the bargaining agreement, nor find that Plaintiff had clearly or unmistakably waived her right to a judicial forum, the Court does not find the

1  remaining bases for the PAGA claim preempted here.  *See Renteria-Hinjosa*, 2023 WL

2  6519308 at *3–*7.

3  ////

4  ////

### B.  Exhaustion of Claims under the Labor Agreement

6  "[A]n employee seeking to vindicate personal rights under a collective

7  bargaining agreement must first attempt to exhaust any mandatory or exclusive

8  grievance procedures provided in the agreement."  *Soremekun v. Thrifty Payless, Inc.*,

9  509 F.3d 978, 985–86 (9th Cir. 2007).   The "failure to exhaust contractually mandated

10  procedures precludes judicial relief for breach of the collective bargaining agreement

11  . . . ."  *Id.* at 986. Accordingly, non-exhausted claims under a collective bargaining

12  agreement must be dismissed.

13  In the class action suit, the Court ultimately dismissed the untimely wage claim

14  because Plaintiff had failed to participate in the grievance procedure mandated under

15  the collective bargaining agreement.  *Renteria-Hinjosa*, 2023 WL 6519308 at *7–*8.

16  Because Plaintiff has not in this case alleged that she remedied her failure to exhaust,

17  the untimely wage claim must be dismissed here as well.  In *Bradford v. Protech*, the

18  Northern District of California assessed a similar PAGA action where the plaintiff's 204

19  claim was preempted by the bargaining agreement, and the plaintiff had failed to

20  exhaust the claim under the bargaining agreement's grievance procedures.  2020 WL

21  2747767, at *5.  The Northern District court dismissed the portion of the plaintiff's

22  PAGA action based on section 204.  *Id.*

23  Because the claim for untimely wages cannot be sustained by the Plaintiff, the

24  Court GRANTS IN PART Defendant's Motion to Dismiss as to the portion of the PAGA

25  claim premised on section 204.

### C.  Supplemental Jurisdiction

27  Under 28 U.S.C. §1367, where a federal court has jurisdiction over any claim, it

28  may exercise supplemental jurisdiction over all other claims which are related to the

1   claims over which it has original jurisdiction.  28 U.S.C. § 1367(a); *United Mine Workers*

2   *of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  Because the only claim over which the

3   Court would have jurisdiction must be dismissed, the Court should not retain

4   jurisdiction over the remaining portions of Plaintiff's PAGA claim.  *See Gibbs*, 383 U.S.

5   at 726 ("[I]f the federal claims are dismissed before trial, . . . the state claims should be

6   dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3).  The Court will therefore remand

7   the case back to the state court.  *See Corlew*, 2022 WL 17834201, at *11 (remanding

8   the case back to state court after dismissing the only claim preempted by the LMRA);

9   *Bradford*, 2020 WL 2747767 at *5 (remanding remaining portions of the PAGA claim

10  after dismissing the only portion of the PAGA claim preempted by the LMRA).

11  **IV.    Conclusion**

12      For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to

13  Dismiss (ECF No. 7) is GRANTED IN PART as to the portion of Plaintiff's PAGA claim

14  predicated on California Labor Code section 204, and Plaintiff's Motion to Remand

15  (ECF No. 19) is GRANTED.

16      The Clerk of Court is directed to remand the case to the Superior Court of

17  California, County of Yolo and close this case.

18
19      IT IS SO ORDERED.

20  Dated:   **November 17, 2023**

                                                                Hon. Daniel J. Calabretta
21                                                              UNITED STATES DISTRICT JUDGE
22
23
24
25  DJC2 – Renteria-Hinjosa23cv01673.mtremandandmtd
26
27
28

                                                8